```
                     UNITED STATES DISTRICT COURT
                              FOR THE
                        DISTRICT OF VERMONT
```

Charles Crannell,                :
                                 :
        Plaintiff,                :
                                 :
    v.                           :       Case No. 1:97-cv-175
                                 :
Stephen Maranville and           :
Michael Dineen,                  :
                                 :
        Defendants.              :

<u>ORDER</u>
(Doc. 38)

Plaintiff Charles Crannell, appearing pro se, moves to reopen his 1997 civil case against Defendants Stephen Maranville and Michael Dineen, who at the time served as officials of the Northwest State Correctional Facility ("NWSCF"). Crannell is an inmate in state custody who seeks an order clarifying and/or enforcing a purported settlement agreement that allows him to store in his cell six boxes of "legal materials." (Doc. 38-1).

Crannell alleges that under this agreement he has been allowed to keep a word processing device to which he transferred the contents of some of his files in lieu of maintaining paper documents. He alleges the Vermont Department of Corrections ("Vermont DOC") recently transferred him from a facility in Kentucky to one in Michigan where he is no longer allowed to have a word processing device in his cell. Crannell argues the device stores portions of his "legal materials" and therefore, Vermont DOC either is in violation of the agreement for refusing to allow

the device in his cell, or the agreement should be amended to expressly state he is entitled to do so.

Defendants oppose the motion, arguing that Rule 41(a)(1)(ii) of the Federal Rules of Civil Procedure, cited by Crannell, does not provide a basis for the relief he seeks, and that Crannell's motion is untimely under Federal Rule of Civil Procedure 60(b).

At the outset, however, the Court cannot discern from the record that the parties actually entered into a settlement agreement.[1]  Nor does the record indicate the Court dismissed the case under Rule 41(a)(1)(ii).  Instead, on June 24, 1998, the Court issued an order granting Defendants' Motion for Summary Judgment, concluding Crannell did not demonstrate an actual constitutional injury.  (Doc. 24 at 3.)  The Court also observed Crannell "indicate[d] that prison officials currently permit him to keep all necessary legal materials in his cell."  (Id. at 4.)  Accordingly, the Court entered final judgment in favor of Defendants.  (Doc. 29.)  On August 27, 1998, the Second Circuit dismissed Crannell's appeal of the Court's decision.  (Doc. 33.)

Even assuming, however, the parties entered into an enforceable settlement agreement as Crannell now claims, "a district court 'does not automatically retain jurisdiction to

---

[1] The document attached to the pending motion (Doc. 38-1), which purports to be a copy of the parties' settlement agreement, is not signed.  The document was "approved as to form" by Assistant Attorney General Donal F. Hartman, Jr. on October 31, 1997.

hear a motion to enforce' a settlement agreement simply by virtue of having disposed of the original case." Hendrickson v. United States, No. 14-1958-cv, slip op at *8 (2d Cir. 2015) (citing In re Am. Express Fin. Advisors Sec. Litig., 672 F.3d 113, 134 (2d Cir. 2011)).  A district court may retain ancillary jurisdiction over a motion to enforce an earlier settlement agreement only when its order of dismissal "either (1) expressly retain[s] jurisdiction over the settlement agreement, or (2) incorporate[s] the terms of the settlement agreement into the order."  Id. at *9.  Here, the record does not reflect the parties reached any settlement, let alone that the Court entered an order retaining jurisdiction over a settlement agreement or incorporating its terms into an order.  Rule 60(b), cited by Defendants, also does not apply when the settlement agreement is not incorporated into a final judgment or order.  See Fed. R. Civ. P. 60(b) (providing, in relevant part, that "the court may relieve a party . . . from a final judgment, order, or proceeding" under enumerated circumstances).

Accordingly, because no jurisdictional basis exists upon which the Court can enforce the alleged settlement agreement, Crannell's motion to reopen case to supplement/add a condition (Doc. 38) is DENIED.  See Joseph v. Leavitt, 465 F.3d 87, 89 (2d Cir. 2006) (federal courts "have an independent obligation to consider the presence or absence of subject matter jurisdiction

3

*sua sponte*").  The Clerk of the Court is directed to provide the parties with a copy of the Court's June 24, 1998 order.  (Doc. 28.)

    SO ORDERED.

    Dated at Brattleboro, in the District of Vermont, this 7th day of July, 2015.

                                  /s/ J. Garvan Murtha
                                  Honorable J. Garvan Murtha
                                  United States District Judge